In the Matter of Baker, Evans & Co., Inc., Appellant, against Robert C. Weaver, as State Rent Administrator, Respondent.

First Department, March 25, 1958.

*Monroe L. Friedman* of counsel (*James Harte Levenson* with him on the brief; *Maass, Davidson, Levy, Friedman & Weston,* attorneys), for appellant.

*Beatrice Shainswit* of counsel (*Nathan Heller,* attorney), for respondent.

*Per Curiam.* Upon the ground that a compensatory rent increase granted to it was inadequate, the owner of a hotel appeals from a Special Term order confirming an order of the rent commission. Such increases are authorized by statute (State Residential Rent Law, § 4, subd. 4, par. [a], cl. [3]; L. 1946, ch. 274, as amd.). The dispute concerns the adoption by the commission of the acquisition cost of the premises to a prior corporate owner in 1927, as a basis for determining the value of personal property. The owner contends that the commission should have used the price it paid for the premises when it purchased the property at a foreclosure sale in 1936.

Without detailing the successive steps required to be taken it is sufficient to note that to determine whether a rent increase should be granted under the applicable statute and the regulations, the value of the personal property for the base year must be ascertained in order to arrive at operating costs. Since the cost of the equipment was included in the price paid for land and building, it became necessary to make such allocation. There is no dispute that 25.30% represents the proportion of the total

cost of land, building and equipment to be allocated to personal property, and that the base year is 1943.

We cannot agree with either of the parties in their respective views. There is no greater logic in adopting a 1927 cost than there is in adopting a purchase price at a foreclosure sale which occurred when property values were markedly depressed.

The commission may not, for reasons of expediency and convenience, assume the unrealistic position that valuations for the base year may be predicated upon a price paid more than 15 years prior thereto. Such a practice is arbitrary and unreasonable. Under the circumstances a more equitable method of arriving at operating costs should be adopted. The order of confirmation entered at Special Term should be reversed on the law and the matter remanded to the rent commission for further proceedings in accordance with the views expressed herein. No costs.

BREITEL, J. P., RABIN, FRANK, MCNALLY and STEVENS, JJ., concur.

Order unanimously reversed on the law and the matter remanded to the rent commission for further proceedings in accordance with the views expressed in opinion filed herewith, without costs.

Settle order.